# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM R. GOBELI,
    Plaintiff,

v.                                                                     CIVIL ACTION NO. 2:07 CV 24
                                                                                                 (Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

It will be recalled that the above-styled social security appeal was instituted on November 20, 2006, with the filing of a Complaint by *pro se* Plaintiff William R. Gobeli.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

The docket in the above-styled civil action reflects that the Clerk of Court issued the *pro se* Plaintiff a "Notice of General Guidelines for Appearing *Pro Se* in Federal Court" on March 14, 2007. The docket herein further reflects that, on March 23, 2007, the Clerk of Court issued the *pro se* Plaintiff summonses addressed to the Commissioner of Social Security, U.S. Attorney General, and U.S. Attorney. Attached to the summonses sent to the Plaintiff was a form for "Return of Service" for the Plaintiff to use to prove that he had served the Defendants.

By Order entered April 2, 2008, Magistrate Judge Kaull gave the *pro se* Plaintiff thirty days in which to serve the Defendants and file proof of service or to show cause for his failure to do so.  Magistrate Judge Kaull's April 2, 2008, Order expressly advised the *pro se* Plaintiff that a failure to comply therewith would result in his recommending to the District Court that it dismiss the Plaintiff's case.

On July 16, 2008, Magistrate Judge Kaull entered a Report And Recommendation/Opinion wherein he recommended that the pro se Plaintiff's Complaint be dismissed without prejudice for failure to serve Defendants and for failure to comply with the Court's April 2, 2008, Order.  In said Report And Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion.  Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's July 16, 2008, Report And Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having

received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion.

Therefore, it is **ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 6) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that:

1. The pro se Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED without prejudice** for failure to serve Defendants and for failure to comply with the Court's April 2, 2008, Order.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff and to any counsel of record.

**ENTER:** February  25 , 2009

                                                        **/S/ Robert E. Maxwell**
                                                        United States District Judge

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).